# Ex. A

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-04383**<br>Court:   **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **PURVIS, DOUGLAS SCOTT, ET AL VS. PRAXAIR, INC.**, *Defendant*

TO:  **PRAXAIR, INC.**
     **THE PRENTICE-HALL CORPORATION SYSTEM**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs

Fayette Circuit Clerk
Date: **12/13/2018**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

---

Summons ID: 1364704995730B@00000834281
CIRCUIT: 18-CI-04383 Certified Mail
PURVIS, DOUGLAS SCOTT, ET AL VS. PRAXAIR, INC.



Page 1 of 1

**eFiled**

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION \_\_\_\_**
**CIVIL ACTION NO. 18-CI-\_\_\_\_**
*FILED ELECTRONICALLY*

**DOUGLAS SCOTT PURVIS and**
**MICHELLE PURVIS**                                          **PLAINTIFFS**

v.                         **COMPLAINT**

**PRAXAIR, INC.**                                            **DEFENDANT**
Serve Via Certified Mail:
    The Prentice-Hall Corporation System, Inc.
    421 West Main Street
    Frankfort, Kentucky 40601

***** ** ** *****

Come now Plaintiff, Douglas Scott Purvis ("Scott") and Plaintiff, Michelle Purvis ("Michelle"), by counsel, and for their Complaint herein against Defendant, Praxair, Inc., state and allege as follows:

**PARTIES AND JURISDICTION**

1. Scott and Michelle are husband and wife and are residents of Winchester, Clark County, Kentucky.

2. Defendant, Praxair, Inc. ("Praxair") is a foreign, for-profit corporation whose principal office is located at 10 Riverview Drive, Danbury, Connecticut 06810, and whose registered agent for service of process is The Prentice-Hall Corporation System, Inc., 421 West Main Street, Frankfort, Kentucky 40601.

3. Praxair is subject to the jurisdiction of this Court pursuant to KRS 454.210, including but not limited to subsections (2)(a)(1), (3), and (4) thereof, by virtue of its conducting business and its causing tortious injury in the Commonwealth of Kentucky and in Fayette County, Kentucky.

1

4. Venue is proper in this forum pursuant to KRS 452.450, because Scott and Michelle sustained the injuries, damages, and losses described herein in Fayette County, Kentucky.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5. On May 30, 2018, at approximately 7:41 a.m. ("Explosion Time"): (i) Scott was employed and working as a commercial truck driver for United Parcel Service – Freight ("UPS"), and (ii) during the course of Scott's employment with UPS, Scott was in or about the cab of his assigned truck tractor with one attached tandem van body trailer (aka a "Pup") inside a garage/shop at the UPS - Freight facility located at 213 Blue Sky Parkway, Lexington, Fayette County, Kentucky.

6. At the Explosion Time, the Pup contained cargo owned by Praxair and that was being shipped via UPS-by Praxair ("Praxair Cargo").

7. At the Explosion Time, the Praxair cargo without limitation included four pallets containing 45 cylinders each of dissolved acetylene, an odorless hazardous flammable material, with a total weight of not less than 9,315 pounds.

8. At the Explosion Time, without warning a violent blast and explosion ("Praxair Blast/Explosion") occurred within the Pup, which without limitation caused and sent violent ultrasonic shock waves and violent and ultra-high frequency sound waves and sudden and high pressure changes over a wide area in which Scott was located ("Blast Area"), which destroyed (blew up) the Pup, caused and sent metal and wood shrapnel and debris over the Blast Area, caused extensive damage (blew up) to the UPS garage/shop, and violently and forcefully projected Scott some fifteen or more feet from or about his original location through the air and to the ground.

9. The Praxair Blast/Explosion was directly and proximately caused by the leaking, discharge, and/or release of flammable acetylene from one or more of the cylinders, and/or

2

malfunction and/or failure of one or more of the cylinders among and a part of the Praxair Cargo.

10. Scott sustained serious, painful, and persistent physical injuries directly and proximately by reason of the Praxair Blast/Explosion, including but not limited to subarachnoid hemorrhage; traumatic brain injury/closed head injury; ruptured tympanic membranes in both ears; significant lacerations and burns on the face, head, neck, and torso; and related injuries, damages, and losses.

11. Scott has incurred past and future medical expenses, loss of earnings, impairment of future earning capacity, permanent disfigurement impairment of bodily function, past, present and future pain and suffering, past, present and future emotional distress and mental anguish, all as a direct and proximate result of the Praxair Blast/Explosion, in amounts which exceed the jurisdictional minimums of this Court.

12. Michelle Purvis has lost the services, assistance, aid, society, companionship, comfort, and consortium of Scott as a direct and proximate result of the Praxair Blast/Explosion

## COUNT I
## NEGLIGENCE

13. Praxair was solely and exclusively responsible to protect against and prevent foreseeable blasts or explosions that may result from the leaking, discharge, and/or release of flammable acetylene from one or more of the cylinders, and/or the malfunction and/or failure of one or more of the cylinders among and a part of the Praxair Cargo.

14. Praxair and/or its agents, servants, and/or employees had a duty to exercise reasonable care when it filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

15. Praxair and/or its agents, servants, and/or employees failed to exercise reasonable care when Praxair filled, sealed, loaded on pallets, and otherwise prepared for transport the

3

acetylene cylinders that were shipped as a part of the Praxair Cargo.

16. Praxair's failure to exercise reasonable care directly and proximately caused the Praxair Blast/Explosion and directly and proximately caused the injuries, damages, and losses incurred by Scott and Michelle in an amount in excess of the jurisdictional limit of this Court.

## COUNT II
## NEGLIGENCE PER SE

17. Praxair was responsible and obligated and had a duty to comply with applicable federal, state, and/or local statutes, regulations, and/or ordinances, including but not limited to 49 CFR 173.301 et seq., when Praxair filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

18. Praxair failed to comply with applicable federal, state, and/or local statutes, regulations, and/or ordinances, including but not limited to 49 CFR 173.301 et seq., when they filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

19. Praxair's failure to comply with said federal, state, and/or local statutes, regulations, and/or ordinances, including but not limited to 49 CFR 173.301 et seq., constitutes negligence per se, and directly and proximately caused the Praxair Blast/Explosion and directly and proximately caused the injuries, damages, and losses incurred by Scott and Michelle.

20. Pursuant to KRS 446.070 and otherwise, Praxair is liable to Scott and Michelle in an amount in excess of the jurisdictional limit of this Court for compensatory damages for its failure to comply with said federal, state, and/or local statutes, regulations, and/or ordinances.

## COUNT III
## LOSS OF CONSORTIUM

21. Michelle has lost the services, assistance, aid, society, companionship, comfort, and

4

consortium of Scott, as a direct and proximate result of the conduct of Praxair, set forth and described herein, and which solely, directly, and proximately caused and resulted in the Praxair Blast/Explosion, and is thereby entitled to recover compensatory damages from Praxair in an amount which is in excess of the jurisdictional minimum of this Court.

### COUNT IV
### PUNITIVE DAMAGES

22. The conduct of Praxair as set forth hereinabove constitutes gross negligence, oppression, fraud, malice, or bad faith, with willful and wanton disregard for the life, health, and rights of Scott and Michelle within the meaning of KRS 411.184, KRS 411.186 and Kentucky common law.

23. In engaging in the acts described hereinabove, Praxair, expected and intended, or should have expected, for injury and damages to result to Scott and Michelle such injury and damages did occur, as alleged hereinabove.

24. As a result of these acts of deceit, oppression, malice, fraud and/or gross negligence and bad faith by Praxair which resulted in injury to Scott and Michelle, Scott and Michelle are entitled to recover punitive damages as that term is defined in KRS 411.184(1)(f) and applicable common law, in an amount to be determined at trial and not less than three times the economic damages recovered herein from Praxair, to deter Praxair from engaging in similar conduct in the future.

**WHEREFORE**, Plaintiff, Douglas Scott Purvis and Plaintiff, Michelle Purvis pray for relief on their Complaint herein as follows:

1. For a judgment in favor of Plaintiff, Douglas Scott Purvis and Plaintiff, Michelle Purvis, and against Defendant, Praxair, Inc., for compensatory damages.

2. For a judgment in favor of Plaintiff, Douglas Scott Purvis and Plaintiff, Michelle Purvis, and against Defendant, Praxair, Inc., for pre- and post-judgment interest on all awards of

compensatory damages awarded herein, at the legal rates on all sums awarded for which such interest may be imposed.

3. For an award of punitive damages in favor of Plaintiff, Douglas Scott Purvis and Plaintiff, Michelle Purvis, and against Defendant, Praxair, Inc., of not less than three times the amount of all awards of compensatory damages awarded herein.

4. For an award of the reasonable attorney's fees and costs incurred by Plaintiff, Douglas Scott Purvis and Plaintiff, Michelle Purvis in the prosecution of this action.

5. For a trial by jury on all issues so triable.

6. For such other relief to which Plaintiff, Douglas Scott Purvis and Plaintiff, Michelle Purvis may be properly entitled.

Respectfully submitted,

/s/ Robert E. Maclin, III
Robert E. Maclin, III, Esq.
David J. Guarnieri, Esq.
Elizabeth C. Barrera, Esq.
McBRAYER, McGINNIS, LESLIE
  & KIRKLAND PLLC
201 E. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 231-8780
Facsimile: (859) 231-1175
remaclin@mmlk.com
dguarnieri@mmlk.com
ebarrera@mmlk.com
vjones@mmlk.com
*Counsel for Plaintiffs, Douglas Scott Purvis and Michelle Purvis*

Complaint 4845-2639-5247 v.1

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

PRAXAIR, INC.
THE PRENTICE-HALL CORPORATION SYSTEM
421 WEST MAIN STREET
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 18-CI-04383

Envelope Number: 1364704

Package Retrieval Number: 13647049957308@00000834281

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 11.98

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.