UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| DOUGLAS SCOTT PURVIS and MICHELLE PURVIS,<br><br>     Plaintiffs,<br><br>v.<br><br>PRAXAIR, INC.,<br><br>     Defendant/Third-Party Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE,<br><br>     Third-Party Defendant. | CIVIL ACTION NO. 5:19-08-KKC |

*** *** ***

| | |
|---|---|
| CRAIG COMBS, TAMMY COMBS, DAVID HATTON, SONDRA HATTON, VINCENT LEGER, ETTA LEGER, STEVIE FITCH, CHRISTINE FITCH, ROBERT SOSBY, and GREGORY CAPPS,<br><br>     Plaintiffs,<br><br>v.<br><br>PRAXAIR, INC.,<br><br>     Defendant. | CIVIL ACTION NO. 5:19-245-KKC |

*** *** ***

1

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**PRAXAIR, INC.,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 5:19-254-KKC** |

**ORDER AND OPINION**

\*\*\* \*\*\* \*\*\*

Third-Party Defendant United Parcel Service moves for judgment on the pleadings. (First Action, DE 51; Second Action, DE 33; Third Action, DE 28.)[1] Defendant and Third-Party Plaintiff Praxair, Inc. moves for leave to file two third-party complaints. (First Action, DE 55, 56; Second Action, DE 35, 36; Third Action, DE 31, 32.) For the reasons stated below, the Court grants the motion for judgment on the pleadings but denies the motions for leave to file third-party complaints.

**I.    Background**

On May 30, 2018, Plaintiff Douglas Scott Purvis, a commercial truck driver for Third-Party Defendant United Parcel Service ("UPS"), was severely injured after the cargo in his assigned truck's trailer exploded at a UPS facility. (First Action Compl. ¶¶ 5, 8, 10.) Defendant Praxair, Inc. ("Praxair") owned the cargo—cylinders containing flammable material—and was shipping the cargo through UPS. (First Action Compl. ¶¶ 6-7.) Purvis

---

[1] This matter involves three consolidated cases. For purposes of this order and opinion, the lead case (Civil Action No. 5:19-08-KKC) is referenced as the "First Action." Civil Action No. 5:19-245-KKC is referenced as the "Second Action," and Civil Action No. 5:19-254-KKC is referenced as the "Third Action."

and his spouse brought various tort claims against Praxair in Kentucky state court on December 13, 2018 ("First Action"). (*See* First Action Compl.) Praxair removed the case to this Court on January 10, 2019. (First Action, DE 1.) Thereafter, Praxair moved for leave to file a third-party complaint against UPS in the First Action (First Action, DE 23), which this Court granted (First Action, DE 30). The third-party complaint alleged that a UPS employee ignited a propane torch, which ultimately caused the explosion. (First Action, DE 31 ¶¶ 22-24.) Praxair accordingly asserted an indemnity claim and sought an apportionment instruction against UPS. (First Action, DE 31 ¶¶ 28-29.) UPS then filed an answer to the third-party complaint (First Action, DE 37) and moved for judgment on the pleadings (First Action, DE 51).

Other UPS employees present in the facility during the explosion and their spouses subsequently filed a separate action against Praxair, seeking recovery for their injuries ("Second Action"). (Second Action Compl. ¶¶ 18, 24-31.) Praxair likewise removed the case to this Court. (Second Action, DE 1.)

In another action, Liberty Mutual Insurance Company ("Liberty"), the provider for UPS's workers' compensation benefits, sought subrogation from Praxair for benefits paid under the workers' compensation policy to certain employees injured during the explosion ("Third Action"). (Third Action Compl. ¶¶ 7-8, 10.) Praxair also removed that case to this Court. (Third Action, DE 1.) Liberty then filed intervening complaints in the First and Second Actions, seeking subrogation from Praxair for benefits paid to the plaintiffs in those actions. (First Action, DE 15; Second Action, DE 15.)

This Court consolidated these three actions on August 2, 2019. (First Action, DE 34.) On June 17, 2020, Praxair moved for leave to file third-party complaints against UPS in the Second and Third Actions, again bringing indemnity claims and seeking an apportionment instruction. (Second Action, DE 35 ¶ 7, 35-1 ¶ 30; Third Action, DE 32 ¶ 7, 32-1 ¶ 27.)

## II. Analysis

### A. Motion for Judgment on the Pleadings

#### 1. Standard of Review

In deciding a motion for judgment on the pleadings, courts apply the same standard as that used in deciding a motion to dismiss under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). Therefore, a court should grant a motion for judgment on the pleadings where the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

#### 2. Indemnity

Under Kentucky law, a party may properly claim indemnity against another if: (1) the party "has not been guilty of any fault, except technically[] or constructively;" or (2) both parties were found in fault towards the injured, but "the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *See Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000) (citations and quotation marks omitted). Specifically, Kentucky law permits a third party to seek common law indemnity against an employer whose injured employee brings claims against the third party. *See Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005) (citing *Degener*, 27 S.W.3d at 782); *Tonsetic v. Rafferty's Inc.*, No. 1:14-CV-00170-GNS-HBB, 2016 WL 4083455, at *2 (W.D. Ky. Aug. 1, 2016); *Smith v. Parker-Hannafin Corp.*, No. 5:12-CV-00136-TBR, 2013 WL 1337378, at *2 (W.D. Ky. Mar. 29, 2013). However, the Kentucky Workers' Compensation Act ("KWCA") "limits [the] employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay" to the injured employee, unless the parties have contracted otherwise. *See* Ky. Rev. Stat. § 342.690(1);

*Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky. 2009). If an employer has already compensated the injured employee pursuant to the KWCA, a third party "cannot successfully maintain an indemnity claim" against that employer. *Smith v. Univar USA, Inc.*, Civil No. 12-134-ART, 2013 WL 12177078, at *1 (E.D. Ky. Nov. 26, 2013).[2]

Here, even if Praxair's allegations plausibly allege an indemnity claim against UPS, any amount of liability from UPS to Praxair is limited to the amount of workers' compensation UPS has paid to Purvis. Neither UPS nor Praxair indicate that the parties have contracted otherwise. Because UPS has already compensated Purvis under the KWCA (First Action, DE 15 ¶ 5)[3], Praxair cannot successfully maintain an indemnity claim against UPS. As Praxair itself concedes, "an employer complying with Kentucky Workers' Compensation Act is generally immune from liability as a third-party defendant in a tort action." (First Action, DE 52 at 3.) Therefore, this Court grants judgment on the pleadings as to Praxair's indemnity claim.

### 3. Apportionment

Praxair argues that "[a]lthough UPS may be dismissed as a party to this action, an apportionment instruction that includes UPS may still be given at trial if the proof warrants such an instruction."[4] (First Action, DE 52 at 3.) UPS agrees. (DE 51-1 at 5; DE 53 at 2-3.) As does this Court.

---

[2] *See also Griffin v. Honeywell Int'l, Inc.*, Civil Action No. 13-166-HRW, 2014 WL 6455209, at *1-*2 (E.D. Ky. Nov. 13, 2014) (dismissing indemnity claim as "futile" where employer already paid workers' compensation benefits to decedent-employee's estate); *Smith*, 2013 WL 1337378, at *1-*3 (same); *Faulkner v. ABB, Inc.*, No. 5:08-CV-00212-TBR, 2009 WL 3462505, at *2-*3 (W.D. Ky. Oct. 22, 2009) (same).

[3] In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider materials other than the complaint if such materials are public records, such as court filings. *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003), *abrogated on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010). Accordingly, the Court may consider Liberty's intervening complaint.

[4] Under Kentucky law, apportionment does not constitute an independent cause of action. *See Stanford v. United States*, 948 F. Supp. 2d 729, 747 (E.D. Ky. 2013). Because this Court has dismissed

5

> Kentucky's apportionment statute ("KRS 411.182") states:
>
> (1) In all tort actions, including products liability actions, involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:
>
> (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
>
> (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

Ky. Rev. Stat. § 411.182(1). Subsection 4 of the statue further provides, "[T]he claim of [a] releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section." Ky. Rev. Stat. § 411.182(4). Thus, KRS 411.182 "expressly provides for apportionment against a person [or entity] settling with a claimant." *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 479 (Ky. 2001). For purposes of KRS 411.182, an entity settles with a claimant when the entity provides workers' compensation coverage to the claimant. *Id.* at 481 (citing *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990) ("As a practical matter, workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation.")).

But KRS 411.182 does not demand that an action name the settling entity as a party to apportion fault against that entity. *Id.* at 480. "In fact, [the statute] implies that the settling [entity] will not be named a party to the action." *Id.* Instead, "a tortfeasor who is not actually a defendant is construed to be one for purposes of apportionment if he has settled

---

Praxair's indemnity claim against UPS, and no other claims remain, this Court must grant judgment on the pleadings for UPS.

6

the claim against him[.]" *Floyd v. Carlisle Const. Co.*, 758 S.W.2d 430, 432 (Ky. 1988). Accordingly, even if the settling entity is not a party to the action, the court may still instruct the jury to apportion fault against the settling entity if the plaintiff has asserted a claim against the entity and if the evidence presented sufficiently shows that the entity was at fault. *Floyd*, 758 S.W.2d at 432; *see Stanley v. Aeroquip Corp.*, 181 F.3d 103 (Table), 1999 WL 266250, at *3 (6th Cir. 1999); *Woodside Olympic Custom Homes, LLC v. New Horizon Mech., Inc.*, No. 1:14-CV-60-DJH-HBB, 2016 WL 715789, at *4 (W.D. Ky. Feb. 22, 2016); *Owens*, 58 S.W.3d at 481.

Because UPS has provided workers' compensation to Purvis, UPS qualifies as a settling entity for purposes of apportionment under KRS 411.182. But to apportion fault against UPS, UPS need not be named as a party to the First Action. Because Purvis asserted a claim against UPS through his workers' compensation claim,[5] the Court may give an apportionment instruction regarding UPS if the evidence supports the instruction, even though UPS is no longer a party. However, the Court reserves ruling on whether it will instruct the jury to apportion fault against UPS.

### B.     Motions for Leave to File Third-Party Complaints

Under Fed. R. Civ. P. 14(a), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). While the decision to grant a party's motion for leave is ultimately a matter of court discretion, courts may consider whether the third-party complaint is futile. *See Doe v. Williamsburg Indep. Sch. Dist.*, No. 6:15-CV-75-GFVT, 2016 WL 1735850, at *3 (E.D. Ky. May 2, 2016); *Budsgunshop.com, LLC v. Sec. Safe Outlet, Inc.*,

---

[5] *See Stanley*, 1999 WL 266250, at *3 ("Here, although no claim was asserted against [the non-party employer] in the present litigation, [plaintiff-employee] asserted a claim against [the non-party employer] when she filed for workers' compensation benefits.").

7

No. 5:10-CV-00390-KSF, 2012 WL 1899851, at *8 (E.D. Ky. May 23, 2012). A third-party complaint is futile if it would not withstand a Rule 12(b)(6) motion to dismiss. *Budsgunshop.com*, 2012 WL 1899851, at *8.

For the same reasons stated above, Praxair's proposed third-party complaints are futile. Accordingly, the Court denies Praxair's motions for leave to file third-party complaints in the Second and Third Actions. (First Action, DE 55, 56; Second Action, DE 35, 36; Third Action, DE 31, 32.) As above, to the extent that Praxair requests leave to file the third-party complaints to preserve its right to an apportionment instruction regarding UPS, the Court reserves ruling on whether it will give such an instruction.

### III. Conclusion

The Court hereby ORDERS as follows:

1. Third-Party Defendant United Parcel Service's motion for judgment on the pleadings (First Action, DE 51; Second Action, DE 33; Third Action, DE 28) is GRANTED;

2. This Court reserves ruling on whether it will give an apportionment instruction regarding United Parcel Service; and

3. Third-Party Plaintiff and Defendant Praxair, Inc.'s motions for leave to file third-party complaints (First Action, DE 55, 56; Second Action, DE 35, 36; Third Action, DE 31, 32) is DENIED.

Dated October 30, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

8