UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| DOUGLAS SCOTT PURVIS and MICHELLE PURVIS | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | Case No.: 5:19-cv-00008-KKC |
| | ) | |
| PRAXAIR, INC. | ) | *(Consolidated)* |
| | ) | |
| Defendant/Third-Party Plaintiff | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | |
| CRAIG COMBS, TAMMY COMBS, DAVID HATTON, SONDRA HATTON, VINCENT LEGER, ETTA LEGER, STEVIE FITCH, CHRISTINE FITCH, ROBERT SOSBY and GREGORY CAPPS | ) ) ) ) ) | Case No.: 5:19-cv-00245-KKC |
| | ) | |
| Plaintiffs | ) | *(Consolidated)* |
| | ) | |
| v. | ) | |
| | ) | |
| PRAXAIR, INC. | ) | |
| | ) | |
| Defendant | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No.: 5:19-cv-00254-KKC |
| v. | ) | |
| | ) | *(Consolidated)* |
| PRAXAIR, INC. | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT PRAXAIR, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant, Praxair, Inc.[1] ("Praxair"), by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits this Memorandum of Law in Support of its Motion for Summary Judgment.

## **INTRODUCTION**

This is an alleged negligence case in which Praxair is statutorily immune from tort liability under the Kentucky Workers' Compensation Act ("KWCA"). On May 30, 2018, Plaintiff, Douglas Scott Purvis ("Purvis"), a truck driver who works for United Parcel Service ("UPS"), was injured when an alleged "explosion" occurred inside a UPS facility at 213 Blue Sky Parkway, Lexington, Kentucky, while he was working (hereinafter referred to as the "Incident"). Despite the fact that Purvis has received workers' compensation benefits for his injuries, he filed this action against Praxair in tort.

Purvis' claims must be dismissed. Under the KWCA, Purvis may only recover once for his injuries. Under Kentucky law, in this setting Praxair is Purvis' "up the ladder" employer pursuant to KRS § 342.610(2). As a result, Praxair is statutorily immune from tort liability to Purvis. Purvis' sole remedy for any injury lies within the KWCA – a remedy he already has received.

On December 13, 2018, Plaintiffs filed the instant action against Praxair in Fayette County Circuit Court.  (Doc. #1-2, Complaint).  Praxair removed this matter to the United States District Court for the Eastern District of Kentucky based on diversity of citizenship. (Doc. #1, Notice of Removal).  Plaintiffs subsequently filed a first amended complaint against Praxair (Doc. #29, Amended Complaint), to which Praxair filed its answer.  (Doc. #36, Answer to

---

[1] Effective September 1, 2020, Praxair, Inc., changed its name to Linde Inc.  This was a change in name only.  For purposes of consistency, and because it was the name of the company at all relevant times, the name Praxair is used herein.

Amended Complaint).   Praxair has asserted in its Answer an affirmative defense asserting it is immune from Purvis' tort claims under the KWCA.   (*Id.* at p. 14, Aff. Def. No. 17).

## UNDISPUTED STATEMENT OF FACTS

The facts of this case are undisputed. At all relevant times Purvis worked as a truck driver for UPS.  See *Dep. Trans. of Douglas Scott Purvis, attached as Ex. A at p. 7:1-9.*  UPS is in the business of transporting products for its customers.  *Id. at p. 80:20-22.*  Praxair is an industrial gas supplier.  *See affidavit of David Sonnemann, attached hereto as Ex. B, ¶3 and affidavit of Nelson Moriera, attached hereto as Ex. C, ¶3.*  Praxair designs, engineers, manufacturers and operates facilities that produce and distribute industrial gases such as oxygen, nitrogen, argon, carbon dioxide, helium, hydrogen and acetylene, among others.  *Ex. B, ¶4; Ex. C, ¶4.*

In May 2018, Praxair was operating under a contract with C.H. Robinson for assistance with its transportation needs worldwide. *Ex. B, ¶19; Praxair and C.H. Robinson Contract, attached hereto as Ex. D.*  On May 25, 2018, Praxair contacted C.H. Robinson to pick up the subject shipment of forty-five (45) acetylene cylinders (hereinafter referred to as the "Praxair Cargo"), who in turn contacted UPS to pick up the cylinders at Praxair.  *Ex. B, ¶21.* On May 25, 2018, UPS picked up the Praxair Cargo from a Praxair plant in Hahnville, Louisiana and it was scheduled to be delivered to a Praxair facility in North Haven, Connecticut on May 31, 2018. *Ex. B, ¶22; Bill of Lading, attached hereto as Ex. E.* As of May 30, 2018, the Praxair Cargo had been transported from Praxair's plant in Louisiana to a UPS facility in Lexington, Kentucky at which Purvis worked and was injured. *Ex. A at p. 81:4-18.*

Purvis has been employed by UPS since 1984[2]. *Ex. A at p. 11:14-15.* As part of his duties as a driver for UPS, Purvis delivers shipments of product for customers of UPS. *Id. at p. 26:10-14*. More specifically, Purvis has a daily route between Lexington, Kentucky and Jane Lew, West Virginia in which he transports shipments of goods. *Id. at pp. 73:25-74:13.*

On May 30, 2018, Purvis arrived at the UPS Lexington facility at approximately 7:00 a.m. to carry out his regular duties for UPS. *Id. at p. 71:21-24.* Purvis clocked in at 7:30 a.m. *Id. at p. 72:10-19.* He proceeded to the dispatch counter where he was assigned the trailer containing the Praxair Cargo and received the corresponding paperwork for the shipment. *Id. at pp. 72:20-74:25.* After receiving the shipping paperwork, Purvis proceeded to his semi-tractor where he electronically logged onto UPS' system so he would get paid for the shipment of the Praxair Cargo. *Id. at p. 73:4-20.* Purvis proceeded to drive his semi-tractor to the UPS lot where he attached the trailer containing the Praxair Cargo to his semi-tractor. *Id. at 77:4-14.*

Upon inspection of the subject trailer, Purvis noticed that the Federal Highway Authority ("FHWA") sticker was in disrepair and needed to be replaced. *Id.* Purvis hauled the trailer containing the Praxair Cargo to the UPS maintenance facility to have the FHWA sticker replaced. *Id. at pp. 34:12-23; 83:23-84:1.* Once inside the maintenance facility, Michael Belt, a fellow UPS employee, began to remove the FHWA sticker that was in disrepair. *Id. at pp. 34:12-35:12.* While replacing the FHWA sticker, Mr. Belt ignited a propane torch, at which time there was an "explosion". *Id.* at 32:10-14. Purvis sustained injuries as a result of the Incident at UPS.

Purvis' duties as a driver for UPS overlap with work that is regularly performed by Praxair's employees. Praxair is an industrial gas supplier. *Ex. B at ¶3; Ex. C at ¶4.* Praxair

---

[2] Mr. Purvis testified he started with Overnite in 1984 and in 2004 UPS purchased Overnight and Mr. Purvis has been employed with UPS since the date of purchase. *Ex. A at pp. 11:25-12:19.*

designs, engineers, manufacturers and operates facilities that produce and distribute industrial gases. *Ex. B at ¶3; Ex. C at ¶4.* Praxair is registered with the United States Department of Transportation as a carrier and shipper of industrial gases. *Ex. B at ¶9.* Praxair employs approximately 803 truck drivers. *Id. at ¶10.* Praxair has a fleet of trailers that are subject to yearly inspections as required by the United States Department of Transportation regulation, 49 CFR § 396.17. *Id. at ¶14.* Praxair's trailers have Federal Highway Authority stickers on them, which contain the applicable information from the trailer's annual inspection as required by 49 CFR § 396.17. *Id. at ¶15.* Praxair's drivers are required to inspect a trailer prior to each use and if the FHWA sticker is in disrepair, the driver is required to have the sticker replaced. *Id. at ¶16.* Praxair's drivers deliver industrial gases to customers and to other Praxair facilities either in bulk trailers or gas cylinders on trailers. *Id. at ¶5.*

In 2018, drivers of Praxair and Praxair Distribution Inc., ("PDI")[3] a wholly-owned subsidiary of Praxair, averaged 7 deliveries per month, consisting of 1,512 cylinders of industrial gases, from the plant in Hahnville, Louisiana to other Praxair facilities. *Ex. C at ¶10.* In 2018, drivers of Praxair and PDI averaged 54 deliveries per month of industrial gases in bulk containers from the plant in Hahnville, Louisiana to other Praxair facilities. *Id., ¶11.* In 2018, drivers of Praxair and PDI averaged 580 deliveries per month, consisting of 5,475 cylinders of industrial gases, from the plant in Hahnville, Louisiana to customer sites. *Id., ¶12.* In 2018, drivers of Praxair and PDI averaged 96 deliveries per month of industrial gases in bulk containers from the plant in Hahnville, Louisiana to customer sites. *Id., ¶13.* In 2019, drivers

---

[3] Praxair is providing the monthly average for shipments of industrial gases that were made by its employees and the employees of its subsidiary, PDI, from 2018 through November 2020, in support of its assertion that it qualifies as a "contractor" under the KWCA and is therefore entitled to statutory immunity. As discussed, *infra*, one qualifies as a "contractor" under the KWCA if the work in question is a regular part of the contractor's business, which is either performed by its own employees or if the contractor regularly subcontracts with others to perform the work in question. Here, Praxair provides evidence to support both scenarios in that it uses its own employees, as well as the employees of its subsidiary to ship industrial gases to customers and other Praxair facilities, just as Purvis was doing on the date in question.

of Praxair and PDI averaged 11 deliveries per month, consisting of 2,268 cylinders of industrial gases, from the plant in Hahnville, Louisiana to other Praxair facilities. *Id., ¶14.* In 2019, drivers of Praxair and PDI averaged 72 deliveries per month of industrial gases in bulk containers from the plant in Hahnville, Louisiana to other Praxair facilities. *Id., ¶15.* In 2019, drivers of Praxair and PDI averaged 580 deliveries per month, consisting of 5,475 cylinders of industrial gases, from the plant in Hahnville, Louisiana to customer sites. *Id., ¶16.* In 2019, drivers of Praxair and PDI averaged 94 deliveries per month of industrial gases in bulk containers from the plant in Hahnville, Louisiana to customer sites. *Id., ¶17.* From January 1, 2020, through November 30, 2020, drivers of Praxair and PDI averaged 12 deliveries per month, consisting of 2,484 cylinders of industrial gases, from the plant in Hahnville, Louisiana to other Praxair facilities. *Id., ¶18.* From January 1, 2020, through November 30, 2020, drivers of Praxair and PDI averaged 68 deliveries per month of industrial gases in bulk containers from the plant in Hahnville, Louisiana to other Praxair facilities. *Id., ¶19.* From January 1, 2020, through November 30, 2020, drivers of Praxair and PDI averaged 504 deliveries per month, consisting of 4,759 cylinders of industrial gases, from the plant in Hahnville, Louisiana to customer sites. *Id., ¶20.* From January 1, 2020, through November 30, 2020, drivers of Praxair and PDI averaged 77 deliveries per month of industrial gases in bulk containers from the plant in Hahnville, Louisiana to customer sites. *Id., ¶21.*

As a result of the Incident, Purvis filed a workers' compensation claim against UPS under the KWCA. *Ex. A at pp. 81:22-82:4.* Purvis has been receiving benefits through workers' compensation since the date of the Incident. *Id. at 7:24-8:1; 9:6-10:1.*

As discussed more fully below, since Praxair is a "contractor" as defined in KRS § 342.610(2) and has secured the payment of workers' compensation benefits, Praxair, in this

setting, is Purvis' "up the ladder" employer and, as such, is immune from tort liability under the KWCA.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FRCP 56(c). Once the moving party demonstrates the absence of a genuine issue of material fact, "[t]he nonmoving party must thereafter produce specific facts demonstrating a genuine issue of fact for trial." *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994); *accord Allstate Ins. Co. v. Coffey*, 796 F. Supp. 1017, 1018 (E.D. Ky. 1992). "A factual dispute concerns a 'material' fact only if its resolution might affect the outcome of the suit under the governing substantive law." *Crouch v. Honeywell Int'l*, 720 F.3d 333, 338 (6th Cir. 2013). The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). This evidence must be admissible evidence pursuant to FRCP 56(c).

Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to 'put up or shut up' on a critical issue." *Street v. J.C. Bradford and Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989). The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). If the evidence presented is "merely colorable" and not "significantly probative" the Court may decide the legal issue and grant summary judgment. *Id.* at 249.

Determining whether Praxair is statutorily immune from Purvis' tort claims, as an "up the ladder" employer under the KWCA, is an issue for the court and properly resolved at summary

judgment. *Golliher v. Kmart Corp.*, 2016 U.S. Dist. LEXIS 105493, at *9 (E.D. Ky. Aug. 10, 2016); *see also Brock v. Ford Motor Company*, 2013 U.S. Dist. LEXIS 158024, at *7 (W.D. Ky. Nov. 5, 2013); *Settles v. Wal-Mart Stores, Inc*., 2015 U.S. Dist. LEXIS 59654, at *12 (E.D. Ky. May 5, 2015). Because the undisputed facts demonstrate that Praxair is Purvis' "up the ladder" employer in this setting pursuant to KRS § 342.610(2), Praxair is immune from tort liability and is entitled to summary judgment.

## ARGUMENT

### I.    Praxair is immune from tort liability under the KWCA.

The Kentucky Workers' Compensation Act provides as follows in KRS 342.690(1):

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee ... on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation.

The KWCA defines a "contractor" as one "who contracts with another ... [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." KRS 342.610(2)(b). As the Sixth Circuit Court of Appeals has explained:

> "The purpose of the provision of KRS 342.610 that a contractor is liable for compensation benefits to an employee [of] a subcontractor who does not secure compensation benefits is to prevent subcontracting to irresponsible people." *Fireman's Fund Ins. Co. v. Sherman & Fletcher,* 705 S.W.2d 459, 461 (Ky. 1986). By the same token, if a defendant qualifies as a contractor, "it has no liability in tort to an injured employee of a subcontractor" once worker's compensation benefits are secured. *Ibid.* In essence, the Act treats the employees of a subcontractor as *de jure* employees of the contractor for the purposes of guaranteeing worker's compensation benefits. The reverse of this coin is that contractors also benefit from the immunity from tort liability granted to employers."

*Giles v. Ford Motor Co.*, 126 Fed. Appx. 293, 295 (6th Cir. 2005). Because Praxair is a "contractor" as defined by KRS 342.610, it is immune from tort liability to Purvis as his "up the ladder" employer.

Pursuant to the "up the ladder" provisions of the KWCA, if a contractor invokes this defense, "it has no liability in tort to an injured employee of a subcontractor once workers' compensation benefits are secured." *Brock*, 2013 U.S. Dist. LEXIS 158024, at *7 (quoting *Giles,* 126 F. Appx. at 295). Likewise, "a contractor that is potentially liable under KRS 342.610(2) for workers' compensation benefits to the subcontractor's injured employee is also entitled to full immunity from tort liability to that injured employee." *Brock*, 2013 U.S. Dist. LEXIS 158024, at *7.

To determine whether the "up the ladder" defense applies to Praxair in this case, the Court must consider whether:

> 1) Praxair is a "contractor" as defined by KRS 342.610(2); and
>
> 2) Praxair "secure[d] the payment of compensation as required by KRS §§ 342.610(2) and 342.690(1)."

*Id.* at *8; *see also General Electric Co. v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007) (stating the same).

The undisputed facts indicate that Praxair is a contractor under the KWCA and secured payment of compensation and is therefore immune from tort liability to Purvis under the "up the ladder" defense and Plaintiffs' claims must be dismissed.

### A.     Praxair is a "Contractor" under the KWCA.

An employer is a "contractor" under KRS § 342.610(2) if it contracts with another to have work performed that is a "regular or recurrent" part of the employer's business.

*See* KRS § 342.610(2)(b); *see also Brock*, 2013 U.S. Dist. LEXIS 158024, at *8 (quoting *Cain*, 236 S.W.3d at 585). "Regular" is defined as meaning the type of work performed is a customary or normal part of the business. *Meece v. Custer*, 2018 U.S. Dist. LEXIS 199981, *7 (E.D. Ky. 2018). Likewise, "recurrent" is defined as meaning that the work is repeated or occurring again. *Id.* Neither term requires regularity or the recurrence with the preciseness of a clock. *Id.* The Kentucky Supreme Court requires that the Court "must construe the role of contractor in a practical and functional—not hypertechnical—way." *Id.* at 10.

The Sixth Circuit has adopted a three-part inquiry as part of the "regular or recurrent" analysis, which here looks at (1) whether the subcontractor [UPS] was "hired to perform" the work for the contractor [Praxair], (2) whether the subcontractor's [UPS] work was a "customary, usual or normal part" of the contractor's [Praxair] business or if it is work that the contractor [Praxair] "repeats with some degree of regularity", and (3) whether the work done by the subcontractor [UPS] is that which the contractor [Praxair] "would normally perform or be expected to be perform with employees." *Black v. Dixie Consumer Prods. LLC,* 835 F.3d 579, 585, (6th Cir. 2016).

   1.  <u>UPS was "hired to perform" the transportation of the Praxair Cargo.</u>

UPS was hired to transport the Praxair Cargo that Purvis was transporting at the time of his injury. The "hired to perform" prong of the *Black* test is to be applied broadly. *Meece,* 2018 U.S. Dist. LEXIS 199981 at *10-11*; see Schweitzer v. Wal-Mart Stores, Inc.,* 2017 U.S. Dist., LEXIS 209153 (E.D. Ky. 2017) (finding that when a subcontractor's employee fell on his way into a Wal-Mart store where he was going to stock shelves of products he represented, the employee was performing work his employer was hired to perform with Wal-Mart and Wal-Mart was entitled to immunity); *Ervin Cable Constr., LLC v. Lay,* 461 S.W.3d 422 (Ky. App. 2015)

(finding when a subcontractor's employee was struck by a vehicle of contractor while stopping to get food on the way to a job site, employee was acting under the contract his employer entered into and contractor was entitled to immunity).

In this case, Praxair contracted with C.H. Robinson to handle some of its transportation needs, including the subject Praxair Cargo.  C.H. Robinson in turn subcontracted with UPS for the transportation of the Praxair Cargo.  The bill of lading for the Praxair Cargo shows it was picked up from a Praxair plant in Hahnville, Louisiana on May 25, 2018, and was to be transported via UPS to North Haven, Connecticut on May 31, 2018.  As of May 30, 2018, UPS had been engaged in the transportation of the Praxair Cargo since it was picked up in Hahnville, Louisiana on May 25, 2018.

On the morning of May 30, 2018, Purvis was assigned to haul the trailer that contained the Praxair Cargo, and he was to continue UPS' transportation of the Praxair Cargo.  It is undisputed that Purvis had clocked in on the morning of the Incident, he received the paperwork for the Praxair Cargo, he connected the trailer containing the Praxair Cargo to his semi-tractor, and he hauled the trailer containing the Praxair Cargo to a UPS maintenance shop to have the FHWA sticker on the trailer replaced. At the time of the Incident Purvis was acting under the subcontract agreement that UPS had entered into for the transportation of the Praxair Cargo.

Additionally, the lack of direct contractual privity between Praxair and UPS does not bar Praxair from claiming statutory immunity.  Courts have previously addressed this issue and have held that Kentucky's workers' compensation system applies to relationships between contractors and the employees of their subcontractor's subcontractors--meaning, in other words, that liability and immunity proceeds "up-the-ladder" more than one "rung".  *See Waterbury v. Anheuser-Busch, Inc.,* 2003 U.S. Dist. LEXIS 2639 (W.D. Ky. 2003) (finding a beer maker immune to a

claim by an employee of a company *four* steps down the contractual chain); *Sharp v. Ford Motor Co.,* 66 F. Supp. 2d 867 (W.D. Ky. 1998) (finding a car maker immune to a claim by an employee of a sub-subcontractor).  The evidence establishes that UPS was "hired to perform" the transportation of the Praxair Cargo on behalf of Praxair and thus Praxair meets the first requirement in the analysis of establishing it was a contractor under the KWCA.

> 2. <u>Transporting industrial gases is a customary, usual and normal part of Praxair's business.</u>

The shipment of industrial gases is an everyday occurrence at Praxair and thus is a customary, usual and normal part of Praxair's business.  "The delivery of goods and components need not be the central focus of a company's trade or business for it to be a regular and recurrent part of that trade or business." *Giles*, 126 Fed. Appx. at 296. The vast majority of cases considering the issue have found that the transportation of goods, when contracted out, to be subject to an "up the ladder" defense.  *See, e.g., Giles,* 126 Fed. Appx. at 293 (transportation of automobile components between several of Ford's manufacturing plants and from third-party suppliers is a regular and essential aspect of business); *Waterbury v. Anheuser-Busch*, 2003 WL 1145470 (W.D. Ky. 2003) (transportation of CO2 canisters from supplier to warehouse is a regular and essential aspect of business); *Smothers v. Tractor Supply Co*., 104 F. Supp. 2d 715 (W.D. Ky. 2000) (transportation of merchandise from central storage facility to retail stores is a regular and essential aspect of business); *Sharp v. Ford Motor Co.*, 66 F. Supp. 2d 867 (W.D. Ky. 1998) (loading and unloading vehicles in preparation for distribution is a regular and essential aspect of business); *Thornton v. Carmeuse Lime Sales Corp.*, 346 S.W.3d 297 (Ky. App. 2010) (transportation of limes from plant to customers is a regular and essential aspect of business); *Wright v. Dolgencorp, Inc.*, 161 S.W.3d 341 (Ky. App. 2005) (transportation of

merchandise from general distribution center to stores is a regular and essential aspect of business).

Here, the transportation of industrial gases is a regular and essential aspect of Praxair's business. Praxair is in the business of selling industrial gases and part of its business includes regularly delivering gases to its customers and other Praxair facilities. The evidence establishes that the transportation of industrial gases is a customary, usual and normal part of Praxair's business and thus Praxair meets the second requirement in the analysis of establishing it was a contractor under the KWCA.

### 3. Praxair's employees transport industrial gases.

The third part of the Sixth-Circuit's three-part test is whether the work done by the subcontractor [UPS] is that which the contractor [Praxair] would normally perform or be expected to be perform with employees. This element of the test is satisfied with evidence that the contractor's own employees performed the work in question, or it regularly subcontracted out the work in question. *Bukowski v. Sam's E., Inc.,* 2020 WL 3854074, at *2–3 (W.D. Ky. July 8, 2020) (citing *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 462 (Ky. 1986); *Associates, Inc. v. Uninsured Employers' Fund*, 364 S.W.3d 88, 92 (Ky. 2011)).

Here, Praxair has provided evidence to satisfy both scenarios of this final element. The affidavit of Nelson Moreira establishes that Praxair's employees, as well as the employees of its subsidiary PDI, transport industrial gases to customers and other Praxair facilities, just as Purvis was doing on the day of the Incident. Praxair admittedly contracts out some of its transportation functions, but Praxair utilizes employee drivers to transport its products both inside and outside the company. Praxair employs approximately 803 drivers who transport industrial gases to its customers and to other Praxair facilities. Praxair is registered with the United States Department

of Transportation as a carrier and shipper of industrial gases.  Praxair's trailers have FHWA stickers on them, which are replaced annually and contain the applicable information from the trailer's annual inspection as required by 49 CFR § 396.17(c)(2).  Praxair's drivers are required to inspect a trailer prior to use and, if the FHWA sticker is in disrepair, the driver is required to have the sticker replaced.  The evidence establishes that Praxair employees, as well as the employees of Praxair's subsidiary PDI, transport industrial gases just as Purvis was doing on the day of the Incident.  Accordingly, Praxair meets the third and final requirement in the analysis of establishing it was a contractor under the KWCA.

Therefore, Praxair has met its burden of establishing that the transportation of industrial gases is a "regular or recurrent" part of Praxair's business.  Pursuant to the KWCA, Praxair is a "contractor" with respect to the transportation of industrial gases and, as set out below, Praxair also secured workers' compensation coverage for Purvis, which entitles Praxair to immunity from Purvis' tort claims.

### B.   Praxair secured the payment of compensation to Mr. Purvis.

To have tort immunity as an "up the ladder" employer under the KWCA, Praxair "must show that it secured the payment of compensation to [Purvis]." *Brock*, 2013 U.S. Dist. LEXIS 158024, at *10-11; KRS §§ 342.610(2) and 342.690(1). Proof of workers' compensation coverage can be established through such items as a certificate of coverage from the Department of Workers' Claims or an affidavit from the insurer. *Brock*, 2013 U.S. Dist. LEXIS 158024, at *11; *Cain*, 236 S.W.3d at 605. Once proof of coverage is provided, "the burden shifts to the worker to show that the coverage is in some way deficient." *Brock*, 2013 U.S. Dist. LEXIS 158024, at *11; *Golliher*, 2016 U.S. Dist. LEXIS 105493, at *8.

Praxair secured the payment of compensation, under the KWCA, for injuries to workers for the period including May 30, 2018, the date of Purvis' injuries. *See Workers Compensation Certification of Insurance, attached hereto as Ex. F.*   Moreover, Purvis testified that he is receiving workers' compensation benefits, as well as payments for his medical costs. *Ex. A at pp. 9:6-10:1; 81:22-82:1.*  Accordingly, Praxair has satisfied its burden of securing the payment of compensation to Purvis under the KWCA.

Praxair has established it is a "contractor" as defined in KRS § 342.610(2) and secured the payment of workers' compensation benefits.  Accordingly, Praxair is Purvis' "up the ladder" employer and is immune from tort liability under the KWCA.  Based on the foregoing, Praxair is entitled to summary judgment as a matter of law on the tort claims asserted by Purvis.

**II.    Praxair is entitled to summary judgment on Mrs. Purvis' loss of consortium claim.**

In addition to Mr. Purvis' claims against Praxair, Mrs. Purvis has filed a loss of consortium claim against Praxair, which as a derivative claim fails as a matter of law.  "Loss of consortium is a derivative claim, which will rise or fall with the central allegation of negligence." *Settles,* 2015 U.S. Dist. LEXIS 59654, at 12 (citing *Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844 (Ky. 2000)).  As Praxair is immune from liability from Mr. Purvis' direct tort claim, it also immune to Mrs. Purvis' derivative claim for loss of consortium.

**III.   Praxair is entitled to judgment on Liberty Mutual's intervening claim.**

Praxair is entitled to judgment on Liberty Mutual's intervening claims, (Doc. #15, Intervenor Complaint), because it is immune from liability to Purvis under section KRS § 342.690, and as a result it can have no liability to Liberty Mutual.  "The Kentucky Supreme Court determined in *Fireman's Fund*, that a contractor entitled to the "up the ladder" defense had

no liability to the employee's workers' compensation carrier." *Franke v. Ford Motor Co.,* 398 F.

Supp. 2d 833, 839 (E.D. Ky. 2005) (citing *Fireman's Fund,* 705 S.W.2d at 463-464).

In this case, Praxair is immune from liability to Purvis under the "up the ladder" defense,

and therefore Praxair also has no liability to Liberty Mutual.  Accordingly, Praxair is entitled to

summary judgment on Liberty Mutual's claims for recovery of workers' compensation benefits it

has paid to or on behalf of Purvis.

## CONCLUSION

Under the KWCA, in this setting Praxair is Purvis' "up the ladder" employer. As such,

Praxair is entitled to statutory immunity from tort liability for Plaintiffs' claims and the KWCA

is Purvis' exclusive remedy for any injuries arising from the Incident.  Therefore, Praxair is

entitled to judgment as a matter of law, and Plaintiffs' complaint and Liberty Mutual's

intervening complaint must be dismissed.

Dated: February 5, 2021                     Respectfully submitted,

                                            /s/ Steven M. Shear
                                            D. Patterson Gloor (admitted *pro hac vice*)
                                            Steven M. Shear (admitted *pro hac vice*)
                                            JOHNSON & BELL, LTD.
                                            33 West Monroe Street, S-2700
                                            Chicago, Illinois 60603
                                            Telephone: (312) 372-0770
                                            gloorp@jbltd.com
                                            shears@jbltd.com

                                            John A. Sheffer
                                            Sheffer Law Firm
                                            101 South Fifth Street, S-1450
                                            Louisville, KY 40202
                                            Phone: 502-582-1600
                                            jsheffer@kylaw.com

                                            *Attorneys for Defendant Praxair, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I electronically filed the foregoing with the Clerk of the Circuit Court using the CM/ECK System, which sent notification of such filing to the following:

Robert E. Maclin, III, Esq.
David J. Guarnieri, Esq.
Elizabeth C. Barrera, Esq.
McBRAYER, McGINNIS, LESLIE & KIRKLAND PLLC
201 E. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 231-8780
Facsimile: (859) 231-1175
remaclin@mmlk.com
dguarnieri@mmlk.com
ebarrera@mmlk.com
vjones@mmlk.com
*Counsel for Plaintiffs, Douglas Scott Purvis and Michelle Purvis*

John A. Sheffer
Maddie Satterly
Sheffer Law Firm, PLLC.
101 S. 5th St., Ste. 1450
Louisville, Kentucky 40202
T: (502) 582-1600
F: (502) 582-1193
jsheffer@kylaw.com
msatterly@kylaw.com
*Counsel for Defendant, Praxair, Inc.*

---

Timothy J. Walker
Fogle Keller Walker, PLLC.
300 East Main Street, St. 400
Lexington, KY 40507
T: 859-253-4700
TWalker@fkplaw.com
KCrawford@FKW-Law.com
*Counsel for Intervening Plaintiff,
Liberty Mutual Insurance Co.*

Shea W. Conley, Esq.
Morgan & Morgan Kentucky, PLLC.
333 W. Vine Street
Suite1200
Lexington, Kentucky 40507
sconley@forthepeople.com
*Counsel for Plaintiffs, Craig and Tammy Combs
David and Sondra Hatton, Vincent and Etta Leger,
Stevie and Christine Fitch, Robert Sosby, and Gregory Capps*

---

*/s/Lizette H. Ochoa*

D. Patterson Gloor (admitted pro hac vice)
Steven M. Shear (admitted pro hac vice)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
gloorp@jbltd.com / shears@jbltd.com
*Attorneys for Defendant Praxair, Inc.*